IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MATTHEW K. THALER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-17-1700 |
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Matthew Thaler ("Thaler" or "Plaintiff") originally brought this action against Defendant Donald J. Trump for President, Inc. ("Campaign" or "Defendant") and the Maryland State Police, stemming from his removal from a campaign rally in April of 2016 for then-presidential candidate Donald Trump. (ECF No. 1.) Plaintiff subsequently filed an Amended Complaint, dropping the Maryland State Police as a defendant. (ECF No. 26.) Accordingly, the Maryland State Police's Motion to Dismiss (ECF No. 10) is MOOT. Currently pending is Defendant Campaign's Motion to Dismiss the Amended Complaint.[1] (ECF No. 28.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Defendant Donald J. Trump for President, Inc.'s Motion to Dismiss the Amended Complaint (ECF No. 28) is GRANTED and Plaintiff Thaler's claims are DISMISSED.

---

[1] Accordingly, Defendant Donald J. Trump for President, Inc.'s Motion to Dismiss the Original Complaint (ECF No. 21) is MOOT.

1

## BACKGROUND

When reviewing a Motion to Dismiss, this Court accepts as true the facts alleged in the complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (2011). On April 20, 2016, Donald J. Trump for President, Inc. ("Campaign") held a ticketed campaign rally for then-presidential candidate Donald Trump. (Am. Compl., ECF No. 26 at ¶ 5.) The tickets for the event, however, were free. (ECF No. 29-1 at 3.) Thaler received a ticket for the rally. (ECF No. 26 at ¶ 5.)[2] The ticket stated "no posters, banners, or signs," "professional cameras with a detachable lens" or "tripods, monopods, selfie sticks, or GoPros." (*Id.* at ¶ 8.) Thaler did not bring any of these items into the event, and he did not "at any time during the event, raise his voice, use obscene language, disrupt the peace or engage in any harassing or unlawful conduct." (*Id.* at ¶ 9.) Nonetheless, he claims he was excluded from the rally. (*Id.* at ¶ 9.4.) Specifically, he asserts that he was told to leave, and when he did not, someone associated with the Campaign told a police officer that he was trespassing and ordered the officer to search his person and remove him from the rally. (*Id.* at ¶ 10.) The officer subsequently searched, arrested, and detained Thaler. (*Id.* at ¶ 11.) Thaler claims that the officer used more force than necessary to remove him, causing "a disgraceful and embarrassing scene," "roughly escorting Mr. Thaler from the premises," and "caus[ing] bruising on Mr. Thaler's body. (*Id.* at ¶ 11.) The officer also issued Thaler a criminal citation for trespass under Md. Code, Crim. Law § 6-403.[3] (*Id.* at ¶ 12.)

On June 21, 2016, Plaintiff filed suit in the Circuit Court for Baltimore County against both Donald J. Trump for President, Inc. and the Maryland State Police. (ECF No.

---

[2] The Amended Complaint does not indicate how Thaler received the ticket.
[3] The record does not reflect the ultimate disposition of the citation.

2.) Maryland State Police removed the case to this Court.[4] (ECF No. 1.) After the Campaign filed a Motion to Dismiss, ECF No. 21, Plaintiff filed an Amended Complaint, ECF No. 26. The Amended Complaint alleges claims for breach of contract (Count I), false imprisonment and arrest (Count II), battery (Count III), and detrimental reliance (Count IV). The Campaign subsequently filed a Motion to Dismiss the Amended Complaint. (ECF No 28.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual

---

[4] Maryland State Police removed the case to this Court based on federal subject matter jurisdiction given that the Original Complaint alleged that the officer violated Plaintiff's Fourth and Fifth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff dropped that claim in his Amended Complaint. However, this Court retains jurisdiction over this case under diversity jurisdiction, given that the parties are residents of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Am. Compl., ECF No. 2 at ¶¶ 1-4.

3

allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

## ANALYSIS

The Complaint alleges two contract law claims, breach of contract (Count I) and detrimental reliance (Count IV), and two tort claims, false imprisonment and arrest (Count II) and battery (Count III). Accordingly, this Court will analyze both contract claims before proceeding to Plaintiff's tort claims.

**I.  Contract Claims**

**A. Breach of Contract (Count I)**

Thaler claims that his ticket to the campaign rally was a contract between the Campaign and him, and that the Campaign breached that contract by removing him from the rally without cause. Further, he asserts that Defendant violated the implied covenant of good faith and fair dealing. "To state a claim for breach of contract, the plaintiff must show that the defendant owed him a contractual obligation and that the defendant breached that obligation." *Belyakov v. Med. Sci. & Computing*, 86 F. Supp. 3d 430, 437 (D. Md. 2015) (citing

4

*Taylor v. NationsBank, N.A.*, 365 Md. 166, 776 A.2d 645, 651 (2001)). Forming a contract "requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *CTI/DC, Inc. v. Selective Ins. Co. of America*, 392 F.3d 114, 123 (4th Cir. 2004) (citing *Peer v. First Federal Sav. And Loan Ass'n. of Cumberland*, 273 Md. 610, 331 A.2d 299, 301 (1975)).

Thaler does not indicate how he received the ticket. Accordingly, he does not plead how he was "offered" the opportunity to attend the rally. This alone is fatal to the existence of a contract. *See Steinberg v. United States*, 90 Fed. Cl. 435, 446 (2009) (finding the plaintiff's ambiguity as to who offered him a ticket to a presidential inauguration was one reason for dismissal of his breach of contract claim). Second, there was no bargained-for consideration. As Thaler did not pay for the ticket, he also does not plead consideration through a bargained-for benefit or detriment. He argues that "in return for Mr. Thaler waiving his right *not* to show up to the campaign rally, . . . Trump promised Mr. Thaler that he could attend the event, subject to ejection for cause, and would be treated with dignity and respect." (ECF No. 29-1 at 4) (emphasis added). The Plaintiff conjectures that the "size of the crowd" would constitute valuable consideration to establish the contract. (*Id.* at 3.) These allegations simply do not constitute valid consideration. *See Steinberg*, 90 Fed. Cl. at 446 (holding that the plaintiff's attendance at a presidential inauguration did not confer a bargained-for benefit to the United States).

Finally, the ticket does not contain terms "'sufficiently clear and definite in order that the courts, which may be required to enforce it, may be able to know the purpose and intention of the parties.'" *EndoSurg Medical, Inc. v. EndoMaster Medical, Inc.*, 71 F.Supp.3d 525,

5

541 (D. Md. 2014) (quoting *RRD Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638, 655, 994 A.2d 430, 440 (Md. 2010)). The only "terms" on the ticket were that there was not a dress code, identification was not required, and certain items, including camera devices and attachments and posters, signs, and banners, were not permitted.[5] The ticket clearly does not indicate all prohibited items, nor indicate what the parties agreed would occur if an attendee attempted to bring in one of the prohibited items. Accordingly, the ticket did not create a contract.

For these same reasons, Thaler cannot argue that the ticket created a revocable license that constituted a contract. He cites *Comptroller of the Treasury v. Washington Nat'l Arena Ltd. Partnership*, 66 Md.App. 416, 504 A.2d 666, 669 (Md. 1986) for the proposition that "a ticket to a place of amusement is . . . a revocable license . . . creating a contract." (citing *Greenfield v Md. Jockey Club of Baltimore*, 190 Md. 96, 57 A.2d 335 (Md. 1948)). However, the Maryland Court of Appeals explicitly stated in *Greenfield* that the "*purchase* of the ticket" created the license. 190 Md. at 100, 57 A.2d 335 (emphasis added); *see also Silbert*, 301 Md. at 101, 482 A.2d 147 (explaining that "one who *purchases* a ticket for admission . . . may nevertheless be denied access to the property since only a license is obtained") (emphasis added). Accordingly, this Court's opinion in *Mee v. Hubbard*, No. MJG-02-1750, 2003 WL 22571715 (D. Md. Feb. 3. 2003), upon which Plaintiff relies, cited the proposition that a revocable license may create a contract when the plaintiff *purchased* tickets for a professional

---

[5] The additional terms on the ticket not included in the Complaint are drawn from the Defendant's Motion to Dismiss. This Court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016) (citations omitted). A contract is integral to a breach of contract claim, and Plaintiff did not dispute the additional terms in his Response to the Motion to Dismiss.

wrestling event. Mr. Thaler did not ever *purchase* the ticket to the Trump rally. Nor, as discussed above, was there any other bargained-for consideration for the ticket. Accordingly, the ticket gave him a right to enter the rally, which could be—and was—revoked by the Campaign.

Finally, Plaintiff also weaves into the Amended Complaint an allegation that the Campaign violated "an implied duty of good faith and fair dealing." However, Maryland does not recognize an independent cause of action for beach of the implied duty of good faith and fair dealing. *Mount Vernon Properties, LLC v. Branch Banking And Tr. Co.*, 170 Md. App. 457, 472, 907 A.2d 373, 381 (2006) ("A breach of the implied duty of good faith and fair dealing is better viewed as an element of another cause of action at law, *e.g.,* breach of contract, than as a stand-alone cause of action for money damages, and we conclude that no independent cause of action at law exists in Maryland."). Accordingly, Plaintiff's breach of contract claim (Count I) is DISMISSED.

## B. Detrimental Reliance (Count IV)

Thaler also argues that if there was not a contract, he can recover under the theory of detrimental reliance.[6] To bring a claim for detrimental reliance, a party must show: (1) a clear and definite promise; (2) that the promisor had a reasonable expectation that the offer would induce action or forbearance from the promissee; (3) that the offer did actually and reasonably induce such action or forbearance; and (4) that the action or forbearance caused a detriment which can only be remedied through enforcing the promise. Plaintiff bases his detrimental reliance claim on similar grounds as his breach of contract claim, asserting that

---

[6] This theory of recovery is also known as promissory estoppel. *Konover Prop. Trust, Inc. v. WHE Assocs.*, 142 Md.App. 476, 484, 790 A.2d 720 (Md. App. 2002).

7

the ticket was a clear and definite promise that he could attend the rally, and that promise could only be revoked for cause.

As stated above, Plaintiff does not indicate who gave him the ticket or the circumstances surrounding receiving it. Accordingly, this Court evaluates the ticket itself to determine if there was a clear and definite promise that Plaintiff could only be removed for cause. The ticket does not indicate such a promise. It states "general information" including that there was not a dress code, ID was not required, and certain items were prohibited. The ticket neither indicates what would occur if someone brought one of the prohibited items to the rally, nor contains an exhaustive list of reasons why an attendee could be asked to leave. Accordingly, there was not a clear and definite promise that Plaintiff could only be asked to leave for cause. Further, the reasonableness of an individual's reliance on a such a promise would include considering that this was a rally where then-presidential candidate Donald Trump was present, only seven months before the election in November of 2016. Accordingly, Plaintiff's detrimental reliance claim (Count IV) is DISMISSED.

**II.  Tort Claims**

**A. False Imprisonment (Count II)**

Plaintiff claims that Defendant is liable for false imprisonment because he was arrested after someone from the Campaign "falsely told a police officer that Mr. Thaler was trespassing." (ECF No. 26 at ¶ 10.) A false imprisonment claim may arise "when one knowingly gives false information to a law enforcement officer which leads to another person's arrest." *Allen v. Bethlehem Steel Corp.*, 76 Md.App. 642, 649, 547 A.2d 1105 (1988) (citing *Newton v. Spence*, 20 Md.App. 126, 136, 316 A.2d 837 (1974)). However, "a person is

not liable for false imprisonment when in good faith he or she provides information, however mistaken, to law enforcement officers." *Id.* (citing *Newton*, 20 Md.App. at 135, 316 A.2d 837).

Under Maryland law, a person may not remain on the property of another after he is notified of his right not to do so, and his entry on the property is wanton. Md. Code, Crim. Law § 6-403(b, d). In *Maryland State Dept. of Personnel v. Sealing*, 298 Md. 534, 537, 471 A2d 693 (1984), the Maryland Court of Appeals explained:

> " . . . [T]he word 'wanton' means 'characterized by extreme recklessness and utter disregard for the rights of others.' We see no reason why the refusal of these appellants to leave the premises after having been requested to do so was not wanton in that their conduct was in utter disregard for the rights of others."

(emphasis omitted) (citing *Griffin v. State*, 225 Md. 422, 429, 171 A.2d 717, 720 (1961), *rev'd on other grounds*, 378 U.S. 130, 84 S.Ct. 1770 (1964)); *see also In re Antoine M.*, 394 Md. 491, 503-04, 907 A.2d 158 (2006) ("[P]articularly in reference to the criminal trespass statute . . . 'wanton' conduct" is "conduct 'characterized by extreme recklessness and utter disregard for the rights of others.'" (quoting *Sealing*, 298 Md. at 537)). Defendant asked Plaintiff to leave the rally that it was conducting at the high school, and he refused to leave. This refusal to leave the rally constituted wanton conduct that violated Maryland's trespass code.[7] Therefore, no one from the Campaign knowingly gave false information to the Maryland State Police,. Further, that Defendant had the right to ask Plaintiff to leave is reinforced by a case Plaintiff cites, *Greenfield v. Md. Jockey Club of Baltimore*, 190 Md. 96, 57 A.2d 335 (Md.

---

[7] In the Complaint, Plaintiff states that his presence on the property was not wanton because he remained under the good faith belief that he had a contractual right to be there. (ECF No. 26 at ¶ 10.2.) However, under Maryland law, the good faith belief standard only applies to individuals *entering or crossing* over private property, not remaining on the property. *Compare* Md. Code, Crim. Law § 6-403(a) *with* 6-403(b).

1948), whereby the court held that a purchased ticket to a race track did *not* convey a right to stay at the track, and therefore the individual could be ejected. Accordingly, Plaintiff's false imprisonment claim is DISMISSED.

### B. Battery (Count III)

Plaintiff claims that "Defendant intentionally caused the police officer to touch Mr. Thaler without his consent when it knowingly provided false information to the officer . . . [and the] touching was harmful or offensive," constituting battery. "A person may held liable as a principal for assault and battery if he, by any means (words, signs, or motions) encouraged, incited, aided or abetted the act of the direct perpetrator of the tort." *Duke v. Feldman*, 245 Md. 454, 457, 226 A.2d 345 (1967) (citing *Martin v. Moore*, 99 Md. 41, 57 A. 671 (1904)). However, "'battery can only occur when there is no legal authority or justification for the arresting officer's actions.'" *French v. Hines*, 182 Md. App. 201, 209, 957 A.2d 1000, 1004 (2008) (quoting *Hines v. French*, 157 Md.App. 536, 551, 852 A.2d 1047 (2004)). As described above, the officer had the legal authority to arrest Plaintiff under Maryland's trespass law.[8] Accordingly, there was no battery for the Campaign to be liable for, and Plaintiff's battery claim is DISMISSED and Defendant's Motion to Dismiss is GRANTED.

### CONCLUSION

---

[8] Although not raised by Plaintiff in his Response, this privilege held by law enforcement officers extends only to the use of reasonable force, not excessive force. *French v. Hines*, 182 Md. App. 201, 265, 957 A.2d 1000, 1037 (2008). While the Complaint summarily concludes that the officer used excessive force, Plaintiff has not alleged sufficient facts to plausibly show that the officer used more force than reasonably necessary under the circumstances, and accordingly this exception does not apply. *Calhoun v. Prince George's County, Md.*, No. DKC 12–2014, 2013 WL 3873224, at *3 (D. Md. July 24, 2013) ("Plaintiff's factual allegations are far too conclusory to state an excessive force claim adequately . . . [and the] sparse factual allegations and legal conclusions included in the amended complaint are not entitled to judicial deference.").

For the above stated reasons, Defendant Maryland State Police is DISMISSED from this action and its Motion to Dismiss the Original Complaint (ECF No. 10) is MOOT. Defendant Donald J. Trump for President, Inc.'s Motion to Dismiss the Original Complaint (ECF No. 21) is also MOOT and its Motion to Dismiss the Amended Complaint (ECF No. 28) is GRANTED.

Dated: January 19, 2018

_____/s/_____

Richard D. Bennett
United States District Judge